## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHERRELL HALL, on behalf of herself and other similarly-situated persons,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **DOLGENCORP, LLC,** | ) | **CLASS ACTION** |
| | ) | |
| **Defendant.** | ) | |

---

## CLASS ACTION COMPLAINT

---

COMES NOW, the Plaintiff, Sherrell Hall, on behalf of herself and all others similarly situated, by and through her attorneys of record, and files this Complaint against the Defendant, Dolgencorp, LLC, and states as follows:

## INTRODUCTION

1.      This is an action under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq., ("ADA"), to correct unlawful employment practices on the basis of disability, and The Pregnancy Discrimination Act of 1978 ("The Pregnancy Discrimination Act") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., ("Title VII"), which prohibit sex discrimination on the basis of pregnancy, and to provide

appropriate relief to Sherrell Hall and a class of aggrieved individuals adversely affected by such practices.

2. As alleged with particularity below, Dolgencorp, LLC ("Defendant" or "Dollar General") discriminated against Sherrell Hall ("Plaintiff" or "Ms. Hall"), a qualified female with a disability and the Class[1] when it placed them on unpaid leave because of disability, perceived disability, and / or record of disability.

3. Also as alleged with particularity below, Dollar General discriminated against Ms. Hall and the Class when it placed them on unpaid leave because of their status as a pregnant female.

4. Upon information and belief, any pregnant female at a Dollar General warehouse whose physician imposes a lifting restriction is placed on unpaid leave until the termination of the restriction - typically the end of the female's pregnancy.

5. Upon further information and belief, Dollar General warehouse employees who are injured on the job are provided an accommodation, including, but not limited to, light duty.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted

---

[1] The "Class" is defined as pregnant females with lifting restrictions employed in Dollar General's warehouses.

pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5f(1) and (3).

7.     Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge Number 420-2018-01406.  (Attached to this Complaint as Exhibit A).

8.     On October 2, 2019, the EEOC issued Plaintiff a Notice of Right to Sue.  (Attached to this Complaint as Exhibit B).

9.      Plaintiff has timely filed this action within ninety (90) days of her receipt of the Notice of Right to Sue.

10.     This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

11.     Plaintiff was more than nineteen (19) years old at the time of the events in question and is currently a resident of Jefferson County in the State of Alabama.

12.     At all relevant times, Defendant has continuously been doing business in the State of Alabama and the City of Bessemer, and has continuously had at least fifteen (15) employees.

13.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7), and Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b),(g), and (h).

14.     At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2) and within the meaning of all applicable statutes.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief on behalf of a Class of pregnant female warehouse employees with lifting restrictions employed by Defendant in the United States at any time from the implementation of the policy at issue through the resolution of this action for claims under Title VII and the ADA.

16.     Plaintiff also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) seeking backpay, monetary damages, and other make-whole relief on behalf of a Class of pregnant female warehouse employees with lifting restrictions employed by Defendant in the United States at any time from the implementation of the policy through the resolution of this action for claims under Title VII and the ADA.

17.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

18.     Plaintiff is a member of the Class she seeks to represent.

19.     The members of the Class identified herein are so numerous that joinder of all members is impracticable. Defendant has sixteen (16) warehouse facilities with an estimated five hundred (500) employees presently employed at each. In the last year, it is estimated that Defendant had, at a minimum, eight thousand (8,000) warehouse employees alone. Although Plaintiff does not know the precise number of pregnant female warehouse employees with lifting restrictions since the implementation of the policy at issue, the number is far greater than can be feasibly addressed through joinder.

20.     There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members. Common questions include:

    a.  whether Dollar General's policies and practices discriminate against pregnant employees with disabilities;

    b.  whether Dollar General's policies and practices discriminate against pregnant females;

    c.  whether Dollar General's policies and procedures violate the ADA;

    d.  whether Dollar General's policies and procedures violate Title VII;

e.  whether Dollar General has failed to implement policies and procedures to prevent retaliation against employees who challenge gender and / or disability discrimination in the workplace, and failed to address complaints of gender and / or disability discrimination in the workplace, and has failed to conduct proper investigations of same; and

f.  whether equitable remedies, injunctive relief, compensatory damages, and punitive damages for the Class are warranted.

21.  Plaintiff's claims are typical of the claims of the Class.

22.  Plaintiff will fairly and adequately represent and protect the interests of the Class.

23.  Plaintiff has retained counsel competent and experienced in complex class actions and employment discrimination litigation.

24.  Class certification is appropriate pursuant to Federal Rules of Civil Procedure Rule 23(b)(2) because Dollar General has acted and / or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

25.  The Class members are entitled to injunctive relief to end Dollar General's common, uniform, unfair, and discriminatory policies and practices.

26.     Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

27.     The Class members have been damaged and are entitled to recovery as a result of Dollar General's common, unfair, and discriminatory policies and practices.

28.     Dollar General has computerized account data, payroll data, and personnel data that will make calculation of damages for specific Class members relatively simple.

29.     The propriety and amount of punitive damages are based on Dollar General's common conduct, making these issues common to the Class.

## **CLAIMS OF THE NAMED PLAINTIFF**

30.     Ms. Hall was hired by Dollar General in or around August 2016 as a Picker for its Bessemer warehouse.

31.     In or around January 2018, Ms. Hall became pregnant.

32.     On or about February 14, 2018, Ms. Hall's obstetrician, Cynthia Brown, wrote a letter to Dollar General asking Dollar General to accommodate a twenty (20) pound lifting restriction for Ms. Hall due to her pregnancy.

33.     Upon presenting this physician's note to Dollar General, Ms. Hall was informed she could not be accommodated.

34.     Instead, Dollar General placed Ms. Hall on unpaid leave for the duration of her pregnancy – approximately thirty-nine (39) weeks.

35.     Ms. Hall returned to work following the birth of her child on or about November 5, 2018.

36.     In or around February 2019, Ms. Hall became pregnant again.

37.     Ms. Hall had been subjected to harassing comments from Dollar General since returning from her first unpaid leave; as such, Ms. Hall was fearful of sharing her new pregnancy with Dollar General.

38.     Nonetheless, Ms. Hall informed Dollar General of her new pregnancy.

39.     Again, Ms. Hall was placed on unpaid leave beginning on or about March 11, 2019 for the duration of her pregnancy.

40.     During her time of leave, Ms. Hall and her husband (who is also employed by Dollar General) felt subjected to retaliation for her pregnancy and pending Charge being processed through the Equal Employment Opportunity Commission.

41.     For example, when Ms. Hall's vacation was set to renew on the anniversary of her employment in August 2019, she was denied the vacation pay-out she was to receive while on the unpaid leave.

42.     As a result of the retaliation and harassment experienced by both Ms. Hall and her husband upon returning from the last unpaid pregnancy leave, Ms. Hall felt she had no option but to resign from her position with Dollar General.

43.     Additionally, the financial burden experienced by Ms. Hall and her family from being placed on unpaid leave for approximately seventy (70) of the last ninety-one (91) weeks of her employment was insurmountable.

44.     No reasonable person subjected to the treatment Ms. Hall experienced from Dollar General would continue their employment with Defendant.

45.     As such, Ms. Hall was constructively discharged from Dollar General on or about November 14, 2019.

<u>**COUNT ONE**</u>
**(INTENTIONAL DISCRIMINATION BASED UPON DISABILITY)**
**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

46.     Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

47.     This claim is brought by Plaintiff on behalf of herself and the Class she seeks to represent. Plaintiff has filed a timely charge with the EEOC and has thus exhausted her administrative remedies.

48.     Dollar General has engaged in an intentional and systematic policy, pattern, and / or practice of discrimination against its pregnant female warehouse employees with lifting restrictions arising from temporary disabilities. Dollar

General has intentionally discriminated against Plaintiff and the Class in violation of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(1), (3), (4), and / or (5)(A) by, among other things:

a. Placing pregnant warehouse employees with lifting restrictions connected to temporary disabilities on unpaid leave;

b. Failing to engage in the interactive process upon pregnant warehouse employees with lifting restrictions requesting an accommodation;

c. Failing to attempt to accommodate pregnant warehouse employees with lifting restrictions upon them requesting an accommodation;

d. Failing to accommodate pregnant warehouse employees with lifting restrictions by placing them in available positions that accommodate their disability / disabilities;

e. Utilizing a biased system which places employees injured on the job into positions with light duty or other accommodations.

49.     These company-wide policies are intended to and do have the effect of:

a. Denying Plaintiff and Class Members employment opportunities because of their disability;

b. Compensating them less because of their disability;

   c.  Disqualifying them from promotions and / or benefits because of their disability;

   d.  Evaluating their performance more negatively because of their disability;

   e.  Providing them with inferior terms and conditions of employment as a result of discriminatory performance measure that systematically disadvantage them because of their disability;

   f.  Providing them with inferior terms and conditions of employment as a result of their disability.

50.   The discriminatory acts that constitute Dollar General's pattern and / or practice of discrimination have occurred both within and outside the liability period in this case.

51.   As a direct result of Dollar General's discriminatory policies and / or practices as described above, Plaintiff and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

52.   The foregoing conduct constitutes illegal, intentional discrimination, and unjustified disparate treatment prohibited by the ADA.

53.   Plaintiff requests relief herein described.

## <u>COUNT TWO</u>
## (DISPARATE IMPACT DISCRIMINATION BASED UPON DISABILITY)
## (ON BEHALF OF PLAINTIFF AND THE CLASS)

54.     Plaintiff re-alleges and incorporate the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

55.     This claim is brought by Plaintiff on behalf of herself and the Class she seeks to represent. Plaintiff has filed a timely charge with the EEOC and has thus exhausted her administrative remedies.

56.     Dollar General's reliance on the illegitimate and unvalidated system of not accommodating or attempting to accommodate pregnant females with lifting restrictions connected to temporary disabilities at its warehouses has an adverse impact on a class of disabled employees in violation of the ADA and is not, and cannot be, justified by business necessity. Even if such system and / or policy could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

57.     The discriminatory acts that constitute Dollar General's pattern and / or practice of discrimination have occurred both within and outside the liability period in this case.

58.     As a direct result of Dollar General's discriminatory policies and / or practices as described above, Plaintiff and the Class have suffered damages

including, but not limited to, lost past and future income, compensation, and benefits.

59.     The foregoing conduct constitutes illegal, intentional discrimination, and unjustified disparate treatment prohibited by the ADA.

60.     Plaintiff requests relief herein described.

## COUNT THREE
### (INTENTIONAL DISCRIMINATION IN VIOLATION OF TITLE VII)
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

61.     Plaintiff re-alleges and incorporate the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

62.     This claim is brought by Plaintiff on behalf of herself and the Class she seeks to represent. Plaintiff has filed a timely charge with the EEOC and has thus exhausted her administrative remedies.

63.     Dollar General has engaged in an intentional and systematic policy, pattern, and / or practice of discrimination against its pregnant female warehouse employees with lifting restrictions. Dollar General has intentionally discriminated against Plaintiff and the Class in violation of Title VII by, among other things:

     a. Placing pregnant warehouse employees with lifting restriction on unpaid leave;

     b. Failing to place pregnant warehouse employees in available positions for which they are qualified;

  c. Utilizing a biased system which places employees injured on the job into positions with light duty or other accommodations.

64. These company-wide policies are intended to and do have the effect of:

  d. Denying Plaintiff and Class Members employment opportunities because of their status as pregnant females;

  e. Compensating them less because of their status as pregnant females;

  f. Disqualifying them from promotions and / or benefits because of their status as pregnant females;

  g. Evaluating their performance more negatively because of their status as pregnant females;

  h. Providing them with inferior terms and conditions of employment as a result of discriminatory performance measure that systematically disadvantage them because of their status as pregnant females;

  i. Providing them with inferior terms and conditions of employment as a result of their status as pregnant females.

65. The discriminatory acts that constitute Dollar General's pattern and / or practice of discrimination have occurred both within and outside the liability period in this case.

66.     As a direct result of Dollar General's discriminatory policies and / or practices as described above, Plaintiff and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

67.     The foregoing conduct constitutes illegal, intentional discrimination, and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e et seq.

68.     Plaintiff requests relief herein described.

**COUNT FOUR**
**(DISPARATE IMPACT DISCRIMINATION**
**IN VIOLATION OF TITLE VII)**
**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

69.     Plaintiff re-alleges and incorporate the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

70.     This claim is brought by Plaintiff on behalf of herself and the Class she seeks to represent. Plaintiff has filed a timely charge with the EEOC and has thus exhausted her administrative remedies.

71.     Dollar General's reliance on the illegitimate and unvalidated system of placing on unpaid leave pregnant females with lifting restrictions at its warehouses on unpaid leave has an adverse impact on female and pregnant employees in violation of Title VII and is not, and cannot be, justified by business necessity. Even if such system and / or policy could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

72.     The discriminatory acts that constitute Dollar General's pattern and / or practice of discrimination have occurred both within and outside the liability period in this case.

73.     As a direct result of Dollar General's discriminatory policies and / or practices as described above, Plaintiff and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

74.     The foregoing conduct constitutes illegal, intentional discrimination, and unjustified disparate treatment prohibited by the Title VII.

75.     Plaintiff requests relief herein described.

## COUNT FIVE
## (RETALIATION IN VIOLATION OF ADA)
## (ON BEHALF OF PLAINTIFF ONLY)

76.     Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

77.     As detailed in the previous factual averments, Plaintiff has been discriminated against, singled out, and treated differently than similarly situated employees because of her status as a pregnant female in violation of the ADA.

78.     Since at least February 2018, Defendant has engaged in unlawful retaliatory practices in violation of 42 U.S.C. § 12203(a) by removing job responsibilities, subjecting to unwarranted disciplinary actions, harassing, and/or

neglecting to address reported incidences of harassment and retaliation from Plaintiff.

79.   The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and her right to be free of discrimination based upon her reporting disability discrimination.

80.   The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

81.   The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. § 12203(a).

82.   The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which she claims damages.

83.   Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is her only means of securing adequate relief.

84.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## COUNT SIX
### (RETALIATION IN VIOLATION OF TITLE VII)
### (ON BEHALF OF PLAINTIFF ONLY)

85.     Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

86.     As detailed in the previous factual averments, Plaintiff has been discriminated against, singled out, and treated differently than similarly situated employees because of her status as a pregnant female in violation of Title VII.

87.     Since at least February 2018, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by removing job responsibilities, subjecting to unwarranted disciplinary actions, harassing, and/or neglecting to address reported incidences of harassment and retaliation from Plaintiff.

88.     The treatment by Defendant affected the terms, conditions, and enjoyment of Plaintiff's employment and her right to be free of discrimination based upon the reporting gender discrimination.

89.     The actions and/or omissions of Defendant, as described above, were done with malice and/or reckless indifference to the federally protected rights of the Plaintiff.

90.   The reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

91.   The Defendant's conduct proximately caused Plaintiff to suffer a loss of income and benefits, embarrassment, humiliation, loss of reputation, emotional distress, and mental anguish for which she claims damages.

92.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorneys' fees, an injunction and declaratory relief is her only means of securing adequate relief.

93.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the foregoing averments considered, Plaintiff, on behalf of the Class she seeks to represent, demands judgment against the Defendant as follows:

(A)   Declaratory judgment that Defendant's employment practices, policies, procedures, conditions, and customs are violative of the rights of the Plaintiffs and the Class as secured by Title VII and the ADA.

(B)   Grant a permanent injunction enjoining the Defendant, its agents, successors, employees, and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII and the ADA;

(C)   Order Defendant, their agents, owners, and employees to institute and carry out policies, practices and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices, including implementing a consistent policy against discrimination and retaliation in the workplace.

(D)   Order Defendant to make Plaintiff and the Class whole by providing appropriate front pay, back pay and other monetary relief as may be available to them, including damages for mental and emotional distress, embarrassment, humiliation and trauma.

(E)   Award Plaintiff and the Class compensatory and punitive damages under the laws of the Constitution of the United States.

(F)   Award costs and expenses in prosecuting this action, including an award of reasonable attorneys' fees.

(G)   Award such other relief that this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by struck jury of all issues in this Complaint.

Respectfully Submitted,

*/s/ Bradley E. Byrne, Jr.*
Bradley E. Byrne, Jr. (ASB-6974-R66B)
Dustin J. Kittle (ASB-8250-T68K)
Ashley M. Posey (ASB-4176-I61D)
*Attorneys for Plaintiff*

**OF COUNSEL:**

**HUMBLE LAW, LLC**
3112 Blue Lake Drive, Suite 100
Birmingham, Alabama 35243
Tel: (205) 358-3100
Fax: (205) 358-3033

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

**Dolgencorp, LLC**
**Registered Agent: Corporation Service Company Inc.**
641 South Lawrence Street
Montgomery, Alabama 36104