FILED
 2020 Dec-16  PM 01:38
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHERRELL HALL, on behalf of herself and other similarly situated persons, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  2:20-cv-00012-LSC |
| DOLGENCORP, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION**

Plaintiff Sherrell Hall ("Hall" or "Plaintiff") brings this action on behalf of herself and other similarly situated persons against her former employer, Defendant Dolgencorp, LLC ("Dollar General" or "Defendant"). Hall asserts individual and class claims against Dollar General for discrimination on the basis of pregnancy in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Before the Court is Dollar General's Motion for Judgment on the Pleadings. (Doc. 29.)  The motion is fully briefed and ripe for review. For the reasons stated below,

the motion is due to be terminated as moot in part, granted in part, and denied in part.

I. **BACKGROUND**[1]

Dollar General employs approximately 8,000 workers across sixteen warehouses. Hall began working for Dollar General in August 2016 as a picker in a warehouse. In January 2018, she became pregnant. Shortly thereafter, Hall provided Dollar General with a note from her obstetrician stating that she could not lift anything over twenty pounds because of her pregnancy. Dollar General provides employees with a "light duty" accommodation if they suffer an on-the-job injury. (Doc. 1 at ¶ 5.) As Hall did not suffer an on-the-job injury, Dollar General declined to accommodate Hall's lifting restriction, and instead placed her on unpaid leave for the duration of her pregnancy.

On February 15, 2018, Hall filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she was discriminated against because of her pregnancy.

---

[1] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (quoting *Ironworkers Loc. Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)). The following facts are, therefore, taken from the allegations contained in Plaintiff's Complaint, and the Court makes no ruling on their veracity.

Hall returned to work at Dollar General in November 2018, after the birth of her child and while her EEOC charge was pending. After returning to work, Hall states that she was subjected to "harassing comments." (*Id.* at ¶ 37.)

In February 2019, Hall became pregnant again. After notifying Dollar General, Hall was placed on unpaid leave for the duration of her second pregnancy. Hall also claims that Dollar General took retaliatory actions against her because of her pregnancies and the filing of her EEOC charge, such as denying her request for her vacation payout.

In October 2019, while on unpaid leave, Hall received her right-to-sue letter from the EEOC. After receiving this letter, Hall alleges she was constructively discharged in November 2019.

Hall filed a timely Complaint against Dollar General on January 3, 2020. (Doc. 1.) Dollar General filed a Motion for Judgment on the Pleadings on July 17, 2020. (Doc. 29.) Hall filed a response in opposition to Dollar General's motion. (Doc. 31.) Dollar General filed a reply in support of its motion. (Doc. 33.) The parties filed a Joint Stipulation of Dismissal of Hall's claims brought pursuant to the ADA. (Doc. 35.)

## II. STANDARD OF REVIEW

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings, [the court] accept[s] as true all material facts alleged in the non-moving party's pleading, and . . . view[s] those facts in the light most favorable to the non-moving party." *Id.* Courts adjudicate a motion for judgment on the pleadings by the same standard applied to a motion to dismiss for failure to state a claim. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

In order to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)) (internal quotation marks omitted). A complaint that succeeds in "identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Lab. &*

*Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

"In general, if it considers materials outside of the complaint, a district court must convert the motion to dismiss into a summary judgment motion." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). However, a "district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *See id.* (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). In her Complaint, Hall included her EEOC charge and notice of right to sue letter. The EEOC charge is also referred to in Defendant's Motion for Judgment on the Pleadings. As the Court finds the EEOC charge central to Hall's claims and its authenticity is not in dispute, the Court will take it into consideration in this Opinion.

### III. DISCUSSION

Hall brings three claims against Dollar General.[2] First, she brings a claim on behalf of herself and other similarly situated persons alleging that Dollar General engaged in intentional discrimination against herself and other pregnant women. Second, she claims that Dollar General's policy regarding lifting accommodations

---

[2] The parties filed a Joint Stipulation of Dismissal of Hall's ADA claims. (*See* doc. 35.) Accordingly, Dollar General's Motion for Judgment on the Pleadings is due to be terminated as moot as to Counts I, II, and V.

has a disparate impact on herself and other pregnant women. Third, she claims that Dollar General retaliated against her because she filed a charge with the EEOC. Dollar General has moved for judgment on the pleadings, arguing that Hall failed to exhaust administrative remedies and that she has failed to state a claim for disparate impact. Dollar General has also moved to dismiss any claims resulting from Hall's second pregnancy, arguing that Hall failed to exhaust administrative remedies.

Title VII makes it unlawful for an employer to discriminate against an employee because of the employee's sex. *See* 42 U.S.C § 2000e-2(a)(1). The Pregnancy Discrimination Act amended Title VII, elaborating that "because of sex" includes "because of . . . pregnancy, childbirth, or related medical conditions." *Id.* § 2000e(k).

A plaintiff may bring a Title VII action in district court against an employer that discriminates against her based on sex but only after exhausting administrative remedies. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Typically, exhaustion requires a plaintiff to file a charge with the EEOC. *See id.* The EEOC charge limits the scope of the plaintiff's allegations. *See Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). However, "the scope of an EEOC complaint should not be strictly interpreted." *Sanchez v. Standard Brands, Inc.*, 431

F.2d 455, 465 (5th Cir. 1970).[3] Rather, a plaintiff's district court complaint "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (quoting *Sanchez*, 431 F.2d at 465). Thus, claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge are permissible, but those that make allegations of new acts of discrimination are disallowed. *See id.* at 1279 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

### A. Disparate Treatment—Count III

Hall brings a claim against Dollar General alleging individual and class-wide intentional discrimination against pregnant women.[4] Dollar General challenges this, stating that Hall failed to exhaust administrative remedies because Hall did not allege specifically any class claims in her EEOC charge.

Dollar General relies on *Davis v. Valley Hospital Services*, 214 F. App'x 877 (11th Cir. 2006) (per curiam), to support its argument that Hall has not alleged a

---

[3] The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] Dollar General does not seek dismissal of Hall's individual disparate treatment claim; therefore, the Court will only address the class claim.

class claim in her EEOC charge.[5] In *Davis*, three employees filed separate EEOC charges alleging that they were terminated because of their race, age, or both race and age. *Id.* at 878. The plaintiffs' charges discussed individual claims of intentional discrimination without reference to any class-wide discrimination. *Id.* After the EEOC issued right-to-sue letters, the plaintiffs filed their complaint, which included claims of class-wide discrimination. *Id.* at 879. The court affirmed the district court's dismissal of the class claims, reasoning that the plaintiffs' EEOC charges were insufficient to provide "adequate notice that an investigation of class-wide discrimination was relevant to [their] individual claims." *Id.*

In her charge, Hall alleges that she was intentionally discriminated against because of her pregnancy. She does not mention any other employees who experienced similar treatment, instead focusing on individual instances of alleged disparate treatment. This is insufficient to provide notice that Hall was asserting class claims. *Cf. Grayson v. K. Mart Corp.*, 79 F.3d 1086, 1107 (11th Cir. 1996) (finding that three EEOC charges referencing "at least fifteen . . . other store managers"; "[o]ther older store managers"; and "[a]t least six other store managers" as

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

sufficient to provide notice of class-wide discrimination). Accordingly, Dollar General's motion is due to be granted as to Hall's class claim for disparate treatment.

### B. Disparate Impact—Count IV

Hall also brings a claim against Dollar General for individual and class-wide discrimination, alleging that Dollar General's light duty policy has a disparate impact on Hall and other pregnant women. Dollar General argues that: (1) Hall failed to exhaust administrative remedies; and (2) she did not allege any data in support of her claim.

Under Title VII, an employer may be liable for unlawful gender discrimination under a theory of disparate treatment or disparate impact. *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1273 (11th Cir. 2000). In contrast with disparate treatment claims, for which a plaintiff must demonstrate the discrimination was intentional, a plaintiff alleging a disparate impact claim need only show that a neutral employment practice which is non-discriminatory on its face has a disproportionate impact on a protected class. *Id.* at 1274.

To establish a *prima facie* case of disparate impact, a plaintiff must (1) "identify the specific employment practice that allegedly has a disproportionate impact"; and (2) "establish causation by offering statistical evidence sufficient to show that the practice in question has resulted in prohibited discrimination."

*Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1314 (11th Cir. 1994). However, "the *prima facie* case ... is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *see also Surtain v Hamline Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam).

Here, Hall alleges that Dollar General's light duty policy has a disproportionate impact on pregnant women, a protected class. In her charge, Hall states that "accommodations were only given to employees with temporary disabilities who are hurt on the job." (Doc. 1-1.) Thus, Hall has alleged in her EEOC charge that Dollar General has a facially neutral policy that may have a disparate impact on pregnant women, satisfying her administrative exhaustion requirements.

Dollar General also argues that Hall's claim must fail because she does not allege statistical data in her complaint. However, Hall is not required to prove a *prima facie* case of discrimination at the pleading stage. Dollar General cites to a single district court case and an unpublished case from the Eleventh Circuit to support its position that Hall's claim should fail for lack of data, neither of which are binding on this Court. Dollar General cites to *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802 (11th Cir. 2015) (per curiam),[6] for the proposition that a case should be dismissed for failure to state a disparate impact claim when the plaintiff does "not

---

[6] *See supra* n.5.

allege any facts in [her] complaint, such as statistics." *Id.* at 811. However, *Pouyeh* is factually distinguishable and the reasoning is not persuasive in this matter. In *Pouyeh*, the plaintiff admitted that he did not allege any facts to support a disparate impact claim because he was seeking redress for intentional discrimination under a theory of disparate treatment. *See id.* n.3. On appeal, the court chose to interpret his complaint as also failing to state a claim for disparate impact. *Id.* The court reasoned that the plaintiff had not provided any factual support, such as statistics, for a disparate impact claim. *See id.* at 811. However, the court misstated the proper standard at the pleading stage, incorrectly applying the evidentiary requirement to survive summary judgment to a motion to dismiss for failure to state a claim.

Dollar General is correct in that Hall will need to provide some data in order to ultimately prevail on a disparate impact claim. However, this early in the litigation process, discovery has not been completed and any relevant data would be in the possession of Dollar General, not Hall. It is unreasonable and contrary to pleading standards to expect Hall to be able to allege statistical data in her complaint concerning the impact of Dollar General's policy on pregnant women. It is sufficient that Hall alleged that a facially neutral policy has a disproportionate impact on a protected class, which she has done. Accordingly, Hall has stated an individual disparate impact claim, and Dollar General's motion is due to be denied.

As to Hall's class-wide disparate impact claim, she has not alleged any facts in her EEOC charge to support a class claim, or to suggest that an EEOC investigation into class-wide discrimination may reasonably be expected to grow from her charge.[7] Again, Hall's EEOC charge refers to discrimination she was allegedly subjected to without reference to any other individuals such that a class claim could be expected to grow from her charge. Accordingly, Dollar General's motion is due to be granted as to Hall's disparate impact class claim.

    C.    Retaliation—Count VI

Hall also brings an individual claim alleging that she was retaliated against by Dollar General because she filed an EEOC charge. Dollar General argues that Hall failed to exhaust administrative remedies, and that her retaliation claim could not be reasonably construed to grow out of her EEOC charge.

While Hall did not file a charge with the EEOC for retaliation, her claim of retaliation could be reasonably expected to grow out of her initial charge. Thus, she did not need to exhaust administrative remedies for her retaliation claim. *See Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981) ("[I]t is unnecessary for a plaintiff to exhaust administrative remedies prior to [bringing] a

---

[7] Hall submitted additional information about the EEOC's investigation attached to her response brief. (*See* doc. 31.) The Court did not consider these extrinsic documents in this opinion as they are outside of the pleadings and the Court declines to convert Dollar General's motion into a motion for summary judgment.

retaliation claim growing out of an earlier charge . . . .")[8]; *see also Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988).

Dollar General argues that the unpublished opinion *Duble v. FedEx Ground Package System, Inc.*, 572 F. App'x 889 (11th Cir. 2014) (per curiam),[9] should control, which narrowed the exception to administrative exhaustion for retaliation claims. In *Duble*, the court found that when a discrete act of discrimination occurs after filing an EEOC charge but prior to filing a complaint, a plaintiff must either amend the charge or file a new charge with the EEOC as a prerequisite to suit. *Id.* at 893. Because the plaintiff in *Duble* did neither, the court found that the plaintiff failed to exhaust administrative remedies. *Id.* However, *Duble* is factually distinguishable in that the claim the plaintiff brought was not reasonably related to his EEOC charge. *Id.* That is not the case here. As such, the Court does not find *Duble* to be persuasive, and declines to extend its holding to include acts of discrimination that occur after filing an EEOC charge but that could be reasonably expected to grow from that charge. Accordingly, Dollar General's motion is due to be denied as to Hall's retaliation claim.

---

[8]   *See supra* n.3.

[9]   *See supra* n.5.

### D. Claims Related to Hall's Second Pregnancy

Dollar General argues that Hall failed to exhaust administrative remedies relative to any claims relating to her second pregnancy as she did not amend her EEOC charge or file a new charge of discrimination. Hall argues that her claims resulting from her second pregnancy did not involve a discrete act of discrimination and were thus encompassed by her initial EEOC charge.

Claims that could reasonably be expected to grow out of an EEOC charge may include "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Buzzi v. Gomez*, 62 F. Supp. 2d 1344, 1352 (S.D. Fla. 1999) (quoting *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402–03 (2d Cir. 1993), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071).

Here, Hall alleges that she was discriminated against because of her pregnancy. Furthermore, Hall alleges that she was discriminated against in exactly the same way as alleged in her EEOC charge—she was denied a light duty accommodation and was forced to take unpaid leave because of her pregnancy. Therefore, claims related to Hall's second pregnancy could reasonably be expected to grow from her initial EEOC charge. Accordingly, Dollar General's motion is due to be denied as to any claims that may result from Hall's second pregnancy.

## IV. CONCLUSION

For the reasons stated above, Dollar General's Motion for Judgment on the Pleadings is due to be terminated as moot in part, granted in part, and denied in part. An order consistent with this memorandum will be entered contemporaneously herewith.

**DONE** and **ORDERED** on December 16, 2020.

                                                       /s/ L. Scott Coogler
                                                       L. Scott Coogler
                                                       United States District Judge

                                                                                    202892